IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00132-BNB

GENE JOHNSON,

Applicant,

v.

DR. LENNART ABEL,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Gene Johnson, is a pretrial detainee who currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the habeas corpus application liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Johnson is suing his psychiatrist, Dr. Lennart Abel, whom he contends lied to him about the competency evaluation he takes every three months, apparently to determine his competency to stand trial, so that the district attorney and the police allegedly can make up evidence to convict him. He further alleges that Dr. Abel

attempted to trick him into signing papers authorizing forced medication. As relief, he asks for "a fair chance in the court room." Application at 5. Mr. Johnson raised similar claims in *Johnson v. Abel*, No. 08-cv-00132-ZLW (D. Colo. Feb. 15, 2008), which was dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971). In No. 08-cv-00132-ZLW, Mr. Johnson alleged that state criminal charges as an accessory to homicide were pending against him.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See id.*; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Johnson does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Johnson ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28

2

U.S.C. § 2254 (2006) after he exhausts state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00132-BNB

Gene Johnson
Colorado Mental Health Institute at Pueblo
1600 West 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/7/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk